

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **SUPERSEDING** |
| Plaintiff, | ) | **INDICTMENT** |
| | ) | |
| v. | ) | JUDGE JACK ZOUHARY |
| | ) | |
| TRACI ANN GRILLO, | ) | CASE NO. 3:19 CR 471 |
| GEORGE HOUSTON WEST, | ) | Title 18, United States Code, |
| | ) | Sections 1028A, 1343, 1349, |
| Defendants. | ) | and 2 |

## GENERAL ALLEGATIONS

At all times relevant to this indictment:

1. King Electrical Services, Inc. ("King Electrical") was a corporation, formed in the state of Ohio, which provided electrical contracting services. Its principal place of business was 1952 West Sylvania Avenue, Toledo, Ohio.

2. TRACI ANN GRILLO was a King Electrical employee, responsible for its financial accounts including, but not limited to, payroll processing and accounts payable and receivables.

3. GEORGE HOUSTON WEST was a King Electrical employee and acting Vice President, responsible for overseeing the company during the temporary absence of its owner, J.K., due to medical issues.

4. GRILLO and WEST, by virtue of their positions at King Electrical, had access to its financial records and accounts, including bank accounts, credit card accounts, payroll accounts, and check-writing authority.

5. GRILLO and WEST, by virtue of their positions at King Electrical also had access to a signature stamp for J.K., owner of King Electrical.

6. National Funding, Inc. was a commercial lender and provider business and commercial loans with its primary place of business in San Diego, California.

## COUNT 1
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

The Grand Jury charges:

7. Paragraphs 1 through 6 of the Indictment are re-alleged and incorporated by reference as if fully set forth herein.

8. From in or around September 2014, to in or around March 2019, in the Northern District of Ohio, Western Division, Defendants TRACI ANN GRILLO and GEORGE HOUSTON WEST, did knowingly and intentionally combine, conspire, confederate, and agree together and with each other and others known and unknown to commit offenses against the United States of America, that is, to devise and intend to devise a scheme and artifice to defraud King Electric and its owner, employees, and creditors to obtain money and property therefrom by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF CONSPIRACY

9. The objects of the conspiracy were to: (a) defraud King Electrical, its owner, employees, and creditors of monies and property; (b) use access to King Electrical accounts and financial information to open new financial accounts and lines of credit without authorization; (c) conceal the fraudulent activity from King Electrical and others; and (4) enrich the conspirators.

## MANNER AND MEANS OF THE CONPSIRACY

10. It was part of the conspiracy that:

   a. GRILLO used her control over King Electrical payroll accounts and processing to pay herself amounts above and beyond her authorized salary. For example, GRILLO's expected net pay in 2017 was $14,350.01 for the time period between January 2, 2017 and July 2, 2017, but payroll transfers to her personal bank account and additional checks payable to herself marked "payroll" resulted in a net pay to GRILLO of $19,971.94.

   b. GRILLO and WEST used King Electrical checking and credit card accounts to pay for personal purchases and expenses.

   c. GRILLO and WEST accepted payments from King Electrical customers in forms such as cash and gift cards and converted such payments for their own personal use.

   d. GRILLO and WEST deferred, declined, or redirected monies owed to King Electrical's employee retirement and benefit plans, state and federal tax authorities, and other third parties, to cover operating costs, free up additional funds for their personal use, and conceal their fraudulent activities.

3

e.  GRILLO and WEST obtained high interest rate loans in the name of King Electrical and its owner, without authorization of its owner, to cover operating costs, free up additional funds for their personal use, and conceal their fraudulent activities.

f.  GRILLO and WEST used their access to King Electrical business and financial information to create a new business entity KES LLC, in an effort to avoid liability or responsibility for debts incurred by King Electrical as a result of their fraudulent schemes and conceal their fraudulent activities.

g.  GRILLO and WEST used their access to business, financial, and identification information for King Electrical and its owner to open new bank accounts in the name of King Electrical and KES LLC in an effort to avoid liability or responsibility for debts incurred by King Electrical as a result of their fraudulent schemes and conceal their fraudulent activities.

h.  At all times, GRILLO and WEST portrayed themselves as loyal King Electrical employees who were responsibly managing the company's finances and other affairs. They never disclosed to King's Electrical's owner that they were embezzling thousands of dollars from the company for their own personal use.

i.  For the purpose of executing and attempting to execute the scheme and artifice to defraud, GRILLO and WEST transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, and pictures, to wit: sending and causing to be sent wire communications between the Northern District of Ohio, Western Division and out of state lenders, credit card processors, and financial institutions.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-6
(Wire Fraud, 18 U.S.C. §§ 1343 and 2)

The Grand Jury further charges:

11. The factual allegations contained in paragraphs 1 through 10 are incorporated by reference as if stated fully herein.

12. On or about the dates listed in the table below, in the Northern District of Ohio, Western Division and elsewhere, Defendants TRACI ANN GRILLO and GEORGE HOUSTON WEST as individually identified and charged by count in the table below, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

13. On or about the dates listed in the table below, in the Northern District of Ohio, Western Division, and elsewhere, Defendants for the purpose of executing and attempting to execute the scheme and artifice to defraud, transmitted and caused to be transmitted writings, signs, signals, and pictures, by means of wire communication in interstate commerce as described below:

| COUNT | DEFENDANT | DATE | DESCRIPTION |
|---|---|---|---|
| 2 | WEST | December 15, 2015 | $1000 electronic credit card payment on King Electrical FifthThird Bank x6481 credit account to Charlies Dodge Chrysler of Maumee, Ohio for down payment on Chrysler 300 |
| 3 | GRILLO and WEST | June 28, 2017 | Telephone call with National Funding relating to funding of loan to King Electrical |
| 4 | GRILLO and WEST | June 29, 2017 | Electronic transfer from National Funding into King Electrical's Huntington Bank account of $105,982.00 |
| 5 | GRILLO | August 9, 2017 | Online personal clothing purchases from amazon.com totaling $177.4 |
| 6 | WEST | April 12, 2018 | $500 automatic bank payment from King Electrical account x9610 at FifthThird to Chrysler Capitol for monthly payment for Dodge RAM truck |

All in violation of Title 18, United States Code, Section 1343 and 2.

5

COUNT 7
(Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

14. The factual allegations contained in paragraphs 1 through 14 are incorporated by reference as if stated fully herein.

15. From in or around September 2014 to in or around March 2019 Defendants TRACI ANN GRILLO and GEORGE HOUSTON WEST, in the Northern District of Ohio, Western Division, did knowingly transfer, possess, and use without lawful authority, a means of identification of another person, to wit: the name, date of birth, driver's license number, and social security number of J.K., during and in relation to a felony violation enumerated in Title 18 United States Code, Section 1028A(c), to wit, Conspiracy to Defraud, in violation of 18 U.S.C. § 1349 and Wire Fraud, in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another real person, in violation of Title 18, United States Code, Section 1028A(a)(1) and 2.

COUNT 8
(False Statement, 18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

16. The factual allegations contained in paragraphs 1 through 15 are incorporated by reference as if stated fully herein.

17. On or about August 9, 2019, Defendant GEORGE HOUSTON WEST, in the Northern District of Ohio, Western Division, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, during an interview with Federal Bureau of Investigation, to wit::

6

      a.      In response to question of whether he was aware of any loans obtained for King Electrical other than a Kabbage (TBF Financial) loan of approximately $25,000, WEST stated "not up until 2018"; and

      b.      In response to a question of whether TRACI ANN GRILLO called the loan companies to obtain high-interest loans, WEST stated "I have no idea how she came in contact with them" [the loan companies]; and

      c.      WEST denied authorizing, approving, or agreeing to any other loans besides a Kabbage (TBF Financial) loan of approximately $25,000; and

      d.      WEST stated he only became aware of a National Funding loan after J.K. came back to work at King Electrical in 2018.

18.      These statements and representations were false because, as WEST then and there knew, WEST had knowledge of these loans prior to 2018, was actively involved in obtaining a loan with National Funding in 2017, and spoke on the telephone with a representative of one of the loan companies, National Funding, on June 28, 2017 and misrepresented himself as victim J.K. in order to satisfy the loan officer and obtain that loan funding, in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE SPECIFICATION

The Grand Jury further charges:

19.      For the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the allegations of Counts 1 through 6 are incorporated herein by reference. As a result of the foregoing offenses, TRACI ANN GRILLO and GEORGE HOUSTON WEST, the defendants herein, shall forfeit to the United States any property real or personal, which constitutes or is derived from proceeds

traceable to a violation of the charges set forth in Counts 1 through 8; including, but not limited to, a money judgment in the amount of the proceeds traceable to the violation charged in Counts 1 through 8.

## SUBSTITUTE ASSETS

If, as a result of any act or omission Defendants, any property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been comingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendants up to the value of the forfeitable property described above.

## A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.